**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHRISTOPHER FOSTER,                                Case No. 1:14-cv-617

        Plaintiff,
                                                                          Barrett, J.
    vs                                                              Bowman, M.J.

CITY OF CINCINNATI, et al.,

        Defendants.

**REPORT AND RECOMMENDATION**

This matter is before the court on Plaintiff's motion to amend his complaint. (Doc. 11).   Plaintiff, proceeding *pro se* has been granted *in forma pauperis* status, in this purported employment discrimination action.   (Doc. 2).   Thereafter the undersigned issued a Report and Recommendation that Plaintiff's initial complaint, challenging his arrest, conviction and sentence, should be dismissed for lack of subject matter jurisdiction.   (Doc. 4).   Plaintiff subsequently filed the instant motion to amend complaint.   (Doc. 11).

Pursuant to Fed. R. Civ. P. 15(a),"[a] party may amend its pleading once as a matter of course within 21 days after serving it," and "[i]n all other cases, . . . [t]he court should freely give leave [to amend] when justice so requires."   Here, the original complaint has yet to be served.   Thus, it appears that Plaintiff's motion to amend is properly before the Court.   Notably, the filing of an amended complaint supersedes the original complaint.   *See B & H Medical, L.L.C. v. ABP Admin., Inc.,* 526 F.3d 257, 268 (6th Cir.2008), *citing Drake v. City of Detroit,* No. 06-1817, 2008 WL 482283, at *2 (6th Cir. Feb.21, 2008) (stating that a prior "complaint is a nullity, because an amended complaint supersedes all prior complaints").

Here, Plaintiff's motion to amend does not attach a proposed amended complaint and asserts that he seeks to change "only wording" and re-elaborate the issues raised in the initial complaint.   (Doc. 11). Plaintiff's initial complaint alleges that on August 19, 2011 he was arrested without a valid warrant.  (Doc. 1, Complaint. p. 3).   Plaintiff further alleges that he was unconstitutionally convicted and sentenced. According to plaintiff, all the named defendants City of Cincinnati, Officer Charles Knapp, Judge Charles Kubicki, Jr., Deputy Clerk Patricia M. Clancey, Public Defender Christine Y. Jones, and Prosecuting Attorney Kevin Hardman conspired in issuing the warrant and obtaining his conviction and sentence.  For relief, plaintiff seeks monetary damages and release from confinement.

As previously found by the Court, to the extent Plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Hadley v. Werner,* 753 F.2d 514, 516 (6th Cir. 1985). Plaintiff may not pursue habeas corpus relief through a civil rights action. To the extent Plaintiff seeks damages against defendants, his cause of action is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that if a judgment rendered in plaintiff's favor would necessarily imply that his conviction or sentence was invalid, the complaint for damages under § 1983 must be dismissed unless Plaintiff has already succeeded in having the conviction or sentence invalidated through reversal on direct appeal, expungement by executive order, or declaration of invalidity by a state tribunal authorized to make such a

2

determination or by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heck,* 512 U.S. at 486–87. With only wording changes and no new allegations alleged, Plaintiff has not shown that justice requires granting Plaintiff leave to amend his complaint.

For these reasons, as a well as the reasons outlined in the Court's prior Report and Recommendation (Doc. 4) the undersigned finds that Plaintiff's motion to amend is not well-taken.

## IT IS THEREFORE RECOMMENDED THAT:

1.  The Plaintiff's motion for leave to file an amended complaint (Doc. 11) be **DENIED.**

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis.* *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

  *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHRISTOPHER FOSTER,                                    Case No. 1:14-cv-617

     Plaintiff,

                                        Barrett, J.
     vs                                             Bowman, M.J.

CITY OF CINCINNATI, et al.,

     Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.   That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4