UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Foster,

       Plaintiff,                                    Case No. 1:14cv617

       v.                                         Judge Michael R. Barrett

City of Cincinnati, *et al*.,

       Defendants.

## ORDER

This matter is before the Court upon the Magistrate Judge's August 26, 2014 Report and Recommendation ("R&R") recommending that Plaintiff's Complaint be dismissed. (Doc. 4). Plaintiff filed objections to this R&R. (Doc. 9). Plaintiff then filed a Motion to Amend the Complaint. (Doc. 11). On April 27, 2015, the Magistrate Judge entered a second R&R which recommends that Plaintiff be denied leave to amend his complaint. (Doc. 20). Plaintiff also filed objections to the April 27, 2015 R&R. (Doc. 21).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

In finding that the original complaint should be dismissed for failure to state a claim upon which relief may be granted, the Magistrate Judge found that to the extent

that Plaintiff is seeking immediate or a speedier release from imprisonment, Plaintiff cannot seek habeas corpus relief through a civil rights action. The Magistrate Judge also found that to the extent that Plaintiff seeks damages against Defendants, his cause of action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As to the claims against Public Defender Christine Y. Jones, the Magistrate Judge explained that as a criminal defense attorney, Jones did not act "under color of law" for purposes of Section 1983 liability. As to the claims against Prosecuting Attorney Kevin Hardman and Judge Charles Kubicki, Jr., the Magistrate Judge found that both defendants were entitled to immunity from Plaintiff's claims. Finally, the Magistrate Judge found that the claims that Defendants conspired with one another lacked the requisite degree of specificity.

In concluding that Plaintiff should not be granted leave to amend, the Magistrate Judge made the same findings. The Magistrate Judge noted that Plaintiff did not attach the proposed amended complaint to his Motion because, as Plaintiff explained in the Motion, the only changes in the proposed amended complaint are to wording.

Plaintiff has now attached his proposed amended complaint to his Objections. (Doc. 21-1). While this Court has the benefit of reviewing this proposed pleading, the Court concludes that there is no error in the Magistrate Judge's recommendations.

In his objections, Plaintiff explains that since August of 2014, he has been beaten and denied medical treatment. However, Plaintiff does not include these claims in his proposed amended complaint. Plaintiff explains that the proposed amendments do not "alter the claim but better elaborate the statement of the claim and relief only." (Doc. 21, PAGEID # 86). Accordingly, Plaintiff makes many of the same arguments in the first and second set of objections.

Plaintiff argues that Jones is a state actor because Judge Kubicki "incorporated her with the State as the head of his jurisdiction of Public defenders for Cincinnati." However, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). However, a public defender many act for the State "when making hiring and firing decisions on behalf of the State," and "while performing certain administrative and possibly investigative functions." *Id.* Here, Plaintiff has alleged that Jones made a statement that Plaintiff "asked her to plead a subject that he had not in reality." In making such a statement, Jones was performing a lawyer's traditional function. Therefore, Jones was not acting under color of state law, and the Magistrate Judge properly found that Plaintiff has failed to state a claim against Jones.

Plaintiff does not directly address the Magistrate Judge's finding that Plaintiff is attempting to seek habeas relief through a civil action. Instead, Plaintiff argues that he has raised issues that are so substantial that they can be raised in the trial court, appellate court or in a collateral proceeding. Specifically, Plaintiff claims that the warrant for his arrest was void. Plaintiff also claims that he was sentenced above the maximum penalty. Finally, Plaintiff brings a claim for false imprisonment.

However, as the Magistrate Judge explained, habeas corpus is the sole means for an inmate to challenge the legality or length of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff

3

must prove that the conviction or sentence has been set aside. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As the Magistrate Judge explained, Plaintiff has not alleged facts which would show that his conviction or sentence was invalid. Therefore, Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983.

Based on the foregoing, the Magistrate Judge's August 26, 2014 R&R (Doc. 4) and April 27, 2015 R&R (Doc. 20) are hereby **ADOPTED**. It is **ORDERED** that:

1. Plaintiff's motion for leave to file an amended complaint (Doc. 11) is **DENIED**.
2. Plaintiff's complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).
3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Order would not be taken in good faith and Plaintiff is **DENIED** leave to appeal in forma pauperis. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

           */s/ Michael R. Barrett*
           JUDGE MICHAEL R. BARRETT