**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHRISTOPHER FOSTER,

      Plaintiff,

      v.

CITY OF CINCINNATI, et al.,

      Defendants.

Case No. 1:14-cv-617

Barrett. J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On June 22, 2015, Judge Barrett adopted the Magistrate Judge's August 26, 2014 R&R (Doc. 4) and April 27, 2015 R&R (Doc. 20) and dismissed Plaintiff's complaint with prejudice pursuant to 28 U.S.C §§ 1915(e)(2)(B) and 1915A(b)(1) (Doc. 23, Judgment at Doc. 24). This civil action is now before the Court on Plaintiff's construed motion for relief from judgment and equitable tolling pursuant to Fed. R. Civ. P. 60(b)(1). (Doc. 29).

Rule 60(b) outlines the circumstances in which relief from a court's final judgment or order is appropriate:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

1

Fed. R. Civ. P. 60(b).

The party seeking relief bears the burden of proving entitlement to relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merchandising*, 538 F.3d 448, 454 (6th Cir. 2008). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Hall v. City of Williamsburg*, 6th Cir. No. 18-5618, 2019 U.S. App. LEXIS 9484, at *31 (Apr. 1, 2019) (quoting *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

Here, Plaintiff has not alleged any facts or cited any legal authority which suggests that relief from judgment is warranted. Additionally, motions made under Fed. R. Civ. P. 60(b)(1) must be made within a reasonable time and not more than a year after the entry of the judgment or order or the date of the proceeding, which has already passed.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Plaintiff's motion for relief from judgment and equitable tolling pursuant to Fed. R. Civ. P. 60(b)(1) (Doc.29) be **DENIED.**

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal in forma pauperis. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHRISTOPHER FOSTER,

      Plaintiff,

    v.

CITY OF CINCINNATI, et al.,

      Defendants.

Case No. 1:14-cv-617

Barrett. J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *See also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).