UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Foster,

    Plaintiff,

v.

City of Cincinnati, *et al.*,

    Defendants.

Case No. 1:14-cv-617

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Report and Recommendation (R&R) issued by the Magistrate Judge on May 14, 2021. (Doc. 30).

The parties were given proper notice under Fed. R. Civ. P. 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Plaintiff filed timely objections. (Doc. 31).

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), determinations by a magistrate judge are subject to review by a district judge. With regard to dispositive matters, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see* 28 U.S.C. § 636(b)(1). The Court has engaged in a de novo review, which is set forth below.

### II. BACKGROUND

Plaintiff is an inmate in the custody of the Ohio Department of Rehabilitation and

1

Correction ("ODRC"). In his pro se Complaint docketed on July 31, 2014, Plaintiff claimed his constitutional rights were violated by Defendants City of Cincinnati, Officer Charles Knapp, Judge Charles Kubicki, Jr., Deputy Clerk Patricia M. Clancy, Public Defender Christine Y. Jones, and Prosecuting Attorney Kevin Hardman.[1] Following a review pursuant to the Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B) and § 805, 28 U.S.C. § 1915A(b), the Magistrate Judge recommended that the claims in Plaintiff's Complaint be dismissed. (Doc. 4). Plaintiff filed objections and a motion to amend the Complaint. (Docs. 9, 11). The Magistrate Judge thereafter entered a second R&R which recommended that leave to amend be denied. (Doc. 20). Plaintiff again filed objections. (Doc. 21). On June 22, 2015, this Court overruled Plaintiff's objections and adopted both R&Rs. (Doc. 23). Plaintiff's claims were dismissed[2] and final judgment was entered. (Docs. 23, 24).

Plaintiff did not appeal, but, instead, filed two additional motions. The Clerk docketed Plaintiff's motion for judgment (Doc. 25) on June 29, 2015 and his motion for relief from a judgment or order (Doc. 26) on July 2, 2015. In an 11-page Opinion and

---

[1] Plaintiff brought the same claims before this Court in two other civil actions. These claims were dismissed without objection by Plaintiff upon the Report and Recommendation ("R&R") of the Magistrate Judge. *Christopher Foster v. State of Ohio, et al.*, No. 1:14-cv-668-SSB-SKB (S.D. Ohio Nov. 3, 2014) (Doc. 7); *Christopher Foster v. Hamilton Cty., et al.*, No. 1:14-cv-642-TSB-KLL (S.D. Ohio Oct. 20, 2014) (Doc. 7).

[2] In dismissing Plaintiff's claims, this Court found that: (1) to the extent Plaintiff was seeking immediate or a speedier release from imprisonment, Plaintiff could not seek habeas corpus relief through a civil rights action; (2) to the extent that Plaintiff was seeking damages against Defendants, his cause of action was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (3) Defendant Christine Y. Jones, as Public Defender, did not act "under color of law" for purposes of Section 1983 liability; (4) Prosecuting Attorney Kevin Hardman and Judge Charles Kubicki, Jr. were entitled to immunity; and (5) Plaintiff's claims that Defendants conspired with one another lacked the requisite degree of specificity. (Doc. 27 PAGEID 134).

Order issued on March 15, 2016, the Court denied both motions. (Doc. 27). As to each claim, the Court explained why there had been no legal error (or "mistake"),[3] as contemplated by Fed. R. Civ. P. 60(b)(1), in ordering dismissal.

Nearly five years later, on January 28, 2021 Plaintiff filed a second motion for relief, which the Clerk docketed on February 2, 2021. (Doc. 29). In it, he asks that relief be provided under Fed. R. Civ. P. 60(b)(1) for "excusable neglect." (*Id.* PAGEID 148). In her May 14, 2021 R&R, the Magistrate Judge recommends that Plaintiff's motion be denied.

### III.     ANALYSIS

As discussed by the Magistrate Judge, Rule 60(b) lists the circumstances in which relief from a court's final judgment or order is appropriate:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or

---

[3] The essence of Plaintiff's arguments (in his motion for relief from a judgment or order) was that the Court made a legal error in dismissing his claims. *Accord Pierce v. United Mine Workers Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985) (recognizing that "a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1)."); *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983) (explaining that under subsection (1), the word "mistake" has been held to include "any type of mistake or error on the part of the court," including a legal mistake). (Doc. 27 PAGEID 135).

> vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P 60(b). "A motion under Rule 60(b) must be made **within a reasonable time—and for reasons (1)**, (2), and (3) **no more than a year after the entry of the judgment** or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1) (emphasis added). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief **by clear and convincing evidence**." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citation omitted) (emphasis added). The Magistrate Judge recommends denying Plaintiff's Rule 60(b)(1) motion because it is untimely and because Plaintiff fails to allege facts or cite legal authority that would warrant this extraordinary remedy. (Doc. 30 PAGEID 152; *see Blue Diamond Coal. Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) ("[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'") (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992))).

Perhaps in response to the Magistrate Judge's finding his motion to be out-of-time, Plaintiff begins by stating that his "objections" are filed pursuant to Rule 60(b)(6),[4] which, unlike Rule 60(b)(1), is not subject to a one-year limitation. Plaintiff is not free to change course, however. The case law is clear that any attempt to move in the alternative—or as Plaintiff appears to be doing—to *substitute* Rule 60(b)(6) for Rule

---

[4] (*See* Doc. 31 PAGEID 154). Of course, this statement is procedurally incorrect because objections to a magistrate judge's recommended disposition are filed pursuant to Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1).

4

60(b)(1), is impermissible. *See Smith v. Sec'y of Health & Human Servs.*, 776 F.2d 1330, 1333 (6th Cir. 1985) ("[I]t is settled that an appellant cannot circumvent the one year limitation [applicable to Rule 60(b)(1)] by involving the residual clause (6) of Rule 60(b).") (quoting *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir. 1972)).[5]

But even if Plaintiff's second motion for relief had proceeded under Rule 60(b)(6) as opposed to Rule 60(b)(1), the same adverse conclusion would follow.

Rule 60(b)(6) "'is a catchall provision,' and a court should grant relief under this Rule only in 'exceptional or extraordinary circumstances where principles of equity mandate relief[.]" *Kelmendi v. Detroit Bd. of Educ.*, 780 F. App'x 310, 312 (6th Cir. 2019) (quoting *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018)). Whether a Rule 60(b)(6) motion has been made "within a reasonable time" is a fact-specific determination. *Miller*, 879 F.3d at 699.

The legal citations contained within Plaintiff's second motion for relief and his objections to the May 14, 2021 R&R bear no obvious relationship to the claims set forth in his July 31, 2014 Complaint. In his motion, Plaintiff cites to federal regulations aimed to ensure non-discrimination on the basis of disability in state and local government services, including in correctional facilities. (Doc. 29 PAGEID 145 ("This case intended to prove that the State of Ohio put Foster in a disadvantage that subjected Foster to discrimination on the basis of his disability in excess of 28 C.F.R. 35.130(b)(3)[6] and

---

[5] "We note that Rule 60(b)(6) provides relief for 'any other reason justifying relief from the operation of the judgment.' It has been suggested that the clause in (6) should only be applied where the other five clauses of Rule 60(b) do not apply. That is, a Rule 60(b)(6) motion must be based upon some other reason other than those stated in clauses (1)-(5)." *Smith*, 776 F.2d at 1333 (cleaned up).

[6] 28 C.F.R. § 35.130 is titled "General prohibitions against discrimination." and paragraph (b)(3) reads:

35.152(b)[7].")  In his objections, Plaintiff refers to a June 2020 filing with the "D.O.J."—which the Court presumes to be the United States Department of Justice—that "included complaints of the neglect being bad, to the point, that, Foster could not attain notice unless he did something extraordinary, like become an employee of an advocacy entity[.]"  (Doc. 31 PAGEID 156).  He also refers to a December 2020 filing, which purportedly was not investigated because of a lack of D.O.J. resources.  (*Id.* PAGEID 157 ("(D.O.J.'s) Supervisory Trial Attorney, Ms., Mellie Nelson, continued to rely on an excuse that the D.O.J. does not have enough resources to accept of investigate Foster's complaints[.]")).  Plaintiff believes this failure to investigate violates 28 C.F.R.

---

(b)(3) A public entity may not, directly or through contractual or other arrangements, utilize criteria or methods of administration:
(i) That have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability;
(ii) That have the purpose of effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities; or
(iii) That perpetuate the discrimination of another public entity if both public entities are subject to common administrative control or are agencies of the same State.

[7] 28 C.F.R. § 35.152 is titled "Jails, detention and correctional facilities, and community correctional facilities." and paragraph (b) reads:
(b) Discrimination prohibited.
  (1) Public entities shall ensure that qualified inmates or detainees with disabilities shall not, because a facility is inaccessible to or unusable by individuals with disabilities, be excluded from participation in, or be denied the benefits of, the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity.
  (2) Public entities shall ensure that inmates or detainees with disabilities are housed in the most integrated setting appropriate to the needs of the individuals.  Unless it is appropriate to make an exception, a public entity—
  (i) Shall not place inmates or detainees with disabilities in inappropriate security classifications because no accessible cells or beds are available;
  (ii) Shall not place inmates or detainees with disabilities in designated medical areas unless they are actually receiving medical care or treatment;
  (iii) Shall not place inmates or detainees with disabilities in facilities that do not offer the same programs as the facilities where they would otherwise be housed; and
  (iv) Shall no deprive inmates or detainees with disabilities of visitation with family members by placing them in distant facilities where they would not otherwise be housed.
  (3) Public entities shall implement reasonable policies, including physical modifications to additional cells in accordance with the 2010 Standards, so as to ensure that each inmate with a disability is housed in a cell with the accessible elements necessary to afford the inmate access to safe, appropriate housing.

§§ 35.170(b) & (c)[8], 35.171(a)[9], 35.172(a)[10], and 35.190(b)(6)[11]. (*Id.*).

---

[8] 28 C.F.R. § 35.170 is titled "Complaints." and reads:
(a) Who may file. An individual who believes that he or she or a specific class of individuals has been subjected to discrimination on the basis of disability by a public entity may, by himself or herself or by an authorized representative, file a complaint under this part.
(b) Time for filing. A complaint must be filed not later than 180 days from the date of the alleged discrimination, unless the time for filing is extended by the designated agency for good cause shown. A complaint is deemed to be filed under this section on the date it is first filed with any Federal agency.
(c) Where to file. An individual may file a complaint with any agency that he or she believes to be the appropriate agency designated under subpart G of this part, or with any agency that provides funding to the public entity that is the subject of the compliant, or with the Department of Justice for referral as provided in § 35.171(a)(2).

[9] 28 C.F.R. § 35.171(a) is titled "Receipt of complaints." and reads:
(1)(i) Any Federal agency that receives a complaint of discrimination on the basis of disability by a public entity shall promptly review the complaint to determine whether it has jurisdiction over the complaint under section 504.
(ii) If the Agency does not have section 504 jurisdiction, it shall promptly determine whether it is the designated agency under subpart G of this part responsible for complaints filed against that public entity.
(2)(i) If an agency other than the Department of Justice determines that it does not have section 504 jurisdiction and is not the designated agency, it shall promptly refer the complaint to the appropriate designated agency, the agency that has section 504 jurisdiction, or the Department of Justice, and so notify the complainant.
(ii) When the Department of Justice receives a complaint for which it does not have jurisdiction under section 504 and is not the designated agency, it may exercise jurisdiction pursuant to § 35.190(e) or refer the complaint to an agency that does have jurisdiction under section 504 or to the appropriate agency designated in subpart G of this part or, in the case of an employment complaint that is also subject to title I of the Act, to the Equal Employment Opportunity Commission.
(3)(i) If the agency that receives a complaint has section 504 jurisdiction, it shall process the complaint according to its procedures for enforcing section 504.
(ii) If the agency that receives the complaint does not have section 504 jurisdiction, but is the designated agency, it shall process the complaint according to the procedures established by this subpart.

[10] 28 C.F.R. § 35.172 is titled "Investigations and compliance reviews." and paragraph (a) reads, "The designated agency shall investigate complaints for which it is responsible under § 35.171."

[11] 28 C.F.R. § 35.190 is titled "Designated agencies." and paragraph (b) reads in pertinent part:
(b) The Federal agencies listed in paragraph (b)(1) through (8) of this section shall have responsibility for the implementation of subpart F of this part for components of State and local governments that exercise responsibilities, regulate, or administer services, programs, or activities in the following functional areas.
. . . .
(6) Department of Justice: All programs, services, and regulatory activities relating to law enforcement, public safety, and the administration of justice, including courts and correctional institutions; commerce and industry, including general economic development, banking and finance, consumer protection, insurance, and small business; planning, development, and regulation (unless assigned to other agencies); state and local government support services (e.g., audit, personnel, comptroller, administrative services); all other government functions not assigned to other designated agencies.

Plaintiff's July 31, 2014 Complaint alleged constitutional violations that occurred *prior* to his conviction, sentencing, and commitment to the ODRC. It did not allege disability discrimination on the part of ODRC *post*-commitment. Reopening the judgment dismissing Plaintiff's Complaint, therefore, would make no sense. Moreover, even if Plaintiff now contends that disability discrimination somehow played a role in the constitutional violations he originally alleged, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014); *see Hall v. City of Williamsburg*, 768 F. App'x 366, 380 (6th Cir. 2019).

## IV. CONCLUSION

Based on the foregoing and after a de novo review, the Court **OVERRULES** Plaintiff's objections (Doc. 31) and **ACCEPTS and ADOPTS** the Magistrate Judge's May 14, 2021 R&R (Doc. 30). Accordingly, Plaintiff Christopher Foster's "motion for relief and tolling" (Doc. 29) is hereby **DENIED**. Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES**, for the reasons expressed here as well as in the R&R, that an any appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997). Finally, this case shall remain **CLOSED** and **TERMINATED** from the Court's docket.

**IT IS SO ORDERED**.

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court